UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CLEAN WATER RULE: DEFINITION OF
"WATERS OF THE UNITED STATES"  MDL No. 2663


ORDER DENYING TRANSFER


**Before the Panel:** The federal government defendants[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of District of Columbia. This litigation currently consists of nine actions pending in seven districts, as listed on Schedule A.[2] Several States (and the District of Columbia) have filed an interested party response in support of the motion to centralize these actions in the District of District of Columbia. All other responding parties—including plaintiffs in all nine actions and two interested parties—oppose centralization. Should the Panel centralize this litigation, the opposing parties variously suggest in the alternative that the Panel select the District of North Dakota, the Southern District of Georgia, and the Southern District of Texas as the transferee district for this litigation.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions all involve challenges to a rule recently promulgated by the EPA and the Corps (the Clean Water Rule) that purports to interpret the jurisdictional phrase "waters of the United States" in the Clean Water Act. *See* 80 Fed. Reg. 37,054 (Jun. 29, 2015). The resolution of these actions will involve only very limited pretrial proceedings. Discovery, if any, will be minimal, as these cases will be decided on the administrative record. Motion practice will consist of motions regarding that record, motions for preliminary injunctive relief, and summary judgment motions. In short, these actions will turn on questions of law with respect to whether the EPA and the Corps exceeded their statutory and constitutional authority when

---

[1] The federal government defendants include the United States Environmental Protection Agency (EPA), the United States Army Corps of Engineers (the Corps), and, in their official capacities only: Gina McCarthy, the Administrator of the EPA; Jo-Ellen Darcy, the Assistant Secretary of the Army; Lieutenant General Thomas P. Bostick, the Chief of Engineers and Commanding General of the Corps; and John McHugh, Secretary of the Army.

[2] The Panel has been notified of five additional related actions pending in the District of Arizona, the Northern District of California, the District of District of Columbia, the Southern District of Texas, and the Western District of Washington.

-2-

they promulgated the Clean Water Rule. Accordingly, centralization under Section 1407 is inappropriate. *See, e.g.*, *In re Lesser Prairie-Chicken Endangered Species Act Litig.*, MDL No. 2629, __ F. Supp. 3d __, 2015 WL 3654675, at *1 (J.P.M.L. Jun. 9, 2015) (denying centralization of regulatory challenges that would be decided on the administrative record); *In re Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977) (same).

Additionally, centralization of these actions would be problematic due to their procedural posture. Several motions for preliminary injunctive relief already have been ruled upon, resulting in different jurisdictional rulings by the involved courts. Two courts have held that only the United States Courts of Appeals have jurisdiction over these regulatory challenges, whereas another reached the opposite conclusion, that jurisdiction over these actions properly resides in the United States District Courts.[3] Centralization thus would require the transferee judge to navigate potentially uncharted waters with respect to law of the case. This procedural complication also weighs against centralization in this instance.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell         Charles R. Breyer
Lewis A. Kaplan             Ellen Segal Huvelle
R. David Proctor            Catherine D. Perry

---

[3] The Panel has been informed that, on October 9, 2015, the United States Court of Appeals for the Sixth Circuit stayed application of the Clean Water Rule on a nationwide basis pending further order of that court.

IN RE: CLEAN WATER RULE: DEFINITION OF
"WATERS OF THE UNITED STATES"                    MDL No. 2663

## SCHEDULE A

<u>Northern District of Georgia</u>

SOUTHEASTERN LEGAL FOUNDATION, INC., ET AL. v. UNITED STATES
    ENVIRONMENTAL PROTECTION AGENCY, ET AL., C.A. No. 1:15‒02488

<u>Southern District of Georgia</u>

STATE OF GEORGIA, ET AL. v. MCCARTHY, ET AL., C.A. No. 2:15‒00079

<u>District of Minnesota</u>

WASHINGTON CATTLEMEN'S ASSOCIATION, ET AL. v. UNITED STATES
    ENVIRONMENTAL PROTECTION AGENCY, ET AL., C.A. No. 0:15‒03058

<u>District of North Dakota</u>

NORTH DAKOTA, ET AL. v. U.S. ENVIRONMENTAL PROTECTION AGENCY,
    ET AL., C.A. No. 3:15‒00059

<u>Southern District of Ohio</u>

STATE OF OHIO, ET AL. v. UNITED STATES ENVIRONMENTAL PROTECTION
    AGENCY, ET AL., C.A. No. 2:15‒02467

<u>Northern District of Oklahoma</u>

STATE OF OKLAHOMA v. UNITED STATES ENVIRONMENTAL PROTECTION
    AGENCY, ET AL., C.A. No. 4:15‒00381
CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, ET AL. v.
    UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,
    C.A. No. 4:15‒00386

<u>Southern District of Texas</u>

STATE OF TEXAS, ET AL. v. UNITED STATES ENVIRONMENTAL PROTECTION
    AGENCY, ET AL., C.A. No. 3:15‒00162
AMERICAN FARM BUREAU FEDERATION, ET AL. v. U.S. ENVIRONMENTAL
    PROTECTION AGENCY, ET AL., C.A. No. 3:15‒00165